IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| | ) 2:15-cr-106-NR |
| v. | ) |
| | ) |
| DANIEL LAMPLEY, | ) |
| | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM ORDER

Daniel Lampley is a federal inmate housed at Bastrop FCI. He was sentenced to a term of imprisonment of 100 months on December 13, 2016, and his anticipated date of release to a halfway house is May 30, 2023. Relying on the risks associated with contracting COVID-19, Mr. Lampley now moves for compassionate release, asking this Court to effectively reduce his sentence by about two years. ECF 76.

Mr. Lampley purportedly suffers from a number of ailments, including diminishing kidney function, disorder of the ureter, hypertension, hyperlipidemia, prediabetes, and an enlarged heart. ECF 76, p. 2. He argues that these ailments place him at a greater risk of contracting, and suffering serious effects from, COVID-19. As such, Mr. Lampley asserts that compassionate release is warranted under 18 U.S.C. § 3582(c)(1)(A)(i).

To obtain compassionate release under section 3582(c)(1)(A)(i), Mr. Lampley must demonstrate "extraordinary and compelling reasons" that warrant the requested sentence reduction. In the context of a COVID-19-related motion, this means that he must show: "(1) a sufficiently serious medical condition, or advanced age, placing the prisoner at a uniquely high risk of grave illness or death if infected by COVID-19; and (2) an actual, non-speculative risk of exposure to COVID-19 in the facility where the prisoner is held." *United States v. Somerville*, 463 F. Supp. 3d 585, 596–97 (W.D. Pa. 2020).

Even assuming Mr. Lampley has a sufficiently serious medical condition, Mr. Lampley fails to meet his burden. While his ailments appear to be serious, he has not demonstrated "an actual non-speculative risk of exposure to COVID-19" at Bastrop FCI. There are approximately 1,119 inmates at Bastrop FCI. *See* https://www.bop.gov/locations/institutions/bas/ (last visited June 11, 2021). Yet the Bureau of Prisons reports only one current positive COVID-19 case at the facility; and this single positive case is a staff member, not an inmate. *See* https://www.bop.gov/coronavirus/ (last visited June 11, 2021). Moreover, the vaccination rate appears to be relatively high at Bastrop FCI—1,028 inmates fully inoculated—which further suggests no presently heightened risk of COVID-19 exposure for the inmates at the facility. *See* https://www.bop.gov/coronavirus/ (last visited June 11, 2021).

In short, the Court finds no extraordinary and compelling reason to release Mr. Lampley.[1] That said, the Court will deny his motion without prejudice; COVID-19 has proven to be a dynamic illness, and therefore if health conditions materially worsen at Bastrop FCI, Mr. Lampley is free to re-file his motion.

Accordingly, it is hereby **ORDERED** that Mr. Lampley's motion for release (ECF 76) is **denied**, without prejudice.

DATE: June 11, 2021                    BY THE COURT:

/s/ *J. Nicholas Ranjan*
United States District Judge

---

[1] If Mr. Lampley were to establish extraordinary and compelling reasons for release, the Court would still have to weigh the applicable factors under 18 U.S.C. § 3553(a) to determine whether release is warranted. 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Easter*, 975 F.3d 318, 327 (3d Cir. 2020). For the reasons discussed above, however, the Court need not consider the Section 3553(a) factors at this juncture.